UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Norberto Medina-Rodriguez. <br><br> Plaintiff, <br><br> v. <br><br> Super Farmacia Carolina, Inc. <br><br> Defendant | CIVIL ACTION |

## COMPLAINT

1. This is a civil rights action by plaintiff Norberto Medina Rodriguez ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

    > Super Farmacia Carolina, Inc.
    > Roberto Clemente Avenue
    > Carolina, Puerto Rico
    > (hereafter "the Facility")

2. Plaintiff seeks injunctive and declaratory relief, attorney fees and costs, against Super Farmacia Carolina, Inc., a for-profit corporation incorporated under the laws of Puerto Rico (hereinafter collectively referred to as "Defendant" or "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA").

## JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## VENUE

1

5. All actions complained of herein take place within the jurisdiction of the United States District Court for the District of Puerto Rico, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

6. Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

7. Plaintiff is a Puerto Rico resident, lives in Carolina, Puerto Rico, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is severely limited or unable to engage in the major life activity of sitting, standing, and walking. Prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA and the Puerto Rico Department of Motor Vehicles issued a permanent handicap permit (No. 2015982 – parking spaces) to the Plaintiff.

## FACTS

8. The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce. Plaintiff lives in Carolina, Puerto Rico, approximately 22 minutes away from the Facility by motor vehicle. Prior to instituting this action, Plaintiff visited the Facility over two (2) times.

9. Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility in November 2017, among others. At the time of the filing of this civil action, Plaintiff is personally aware the following barriers at the Facility remain in place and constitute a determent to access:

a) Plaintiff parked in a space designated as accessible (perpendicular marking) located near the entrance, which had no access aisle next to it. The accessible aisle was not marked, making it unnecessarily difficult for Plaintiff to transition from his vehicle to the parking area. This violation is readily achievable, i.e. restriping or parking spaces.



b) The service sales counter of the Facility was extremely high. Accordingly, Plaintiff felt deterred from conducting any transactions at the counter. This violation is readily achievable, i.e. reconfiguration of the counter space or policies and procedures to provide alternate access to the goods and services.



10. The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. It is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford his full and equal access. Specifically, Plaintiff is aware of the following barriers which exist at the Facility and relate to his disabilities:

   a) This property fails to comply with section with: total number of parking space, ADA Section 208 – Table 208.2. Two purportedly accessible parking spaces are provided for this purpose in the front of the Facility. However, none are ADA compliant and thus, the minimum number of accessible parking spaces is not met.

   b) This property fails to comply with: Parking Sign. ADA compliant parking signage is inexistent.

   c) This property fails to comply with: *Location of accessible parking spaces*. Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance.

   d) A properly configured route of travel is not provided from the building entrance/exit to exterior participation areas.

   e) A properly configured accessible route is not provided from the designated accessible parking and public right of way to the designated accessible building entrance.

   f) Changes in vertical level within access aisles and along exterior route of travel exceed the maximum allowable height.

   g) Proper tow-away signage is not provided.

   h) Proper identifying pavement markings are not provided at the designated accessible parking stalls and access aisles.

i) The designated accessible parking stalls and access aisles are less than the required minimum depth.

j) Proper wheel stops to prevent parked vehicles from encroaching into the route of travel are not provided.

k) The exterior landing at the main building entrance exceeds the maximum allowable slope.

l) Proper space clearance are not provided at the interior seating area (near the counter where prescription drugs are sold, in violation of 802.1.2, 802.1.3 of the ADAAG.

m) Sales counter exceeds maximum allowable height and is less than the required minimum width, height and depth, in violation of Section 904.4.1 of the ADAAG. Barrier removal is readily achievable, i.e. defendant can lower section of counter and lengthen section of counter, as illustrated in the following image:



    n) Items on receiving counter (including merchandise placed on counter for pickup by customers) exceed maximum allowable height, width and depth for side reach.

11. Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

12. Plaintiff has knowledge of the barriers described in paragraph 9-10 and is currently deterred from patronizing defendant's business due to defendant's failure to comply with the ADA. Plaintiff plans to avail himself of the goods and services offered to the public at the property and will return to the Facility once the barriers are removed. Plaintiff believes that the barriers constitute a deterrent to his use of the facility, because it renders it more difficult for him to enter the facility and avail himself to the goods and services offered to the public at the Facility.

13. Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair or walker access and to comply with the 2010 Standards for Accessible Design. Defendants have not

removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15. Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliance state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

**CAUSE OF ACTION**

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

16. Plaintiff incorporates the allegations contained in paragraphs 1 through 15.
17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

## Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

## Failure to Design and Construct an Accessible Facility

23. Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.

Failure to Make an Altered Facility Accessible

26. Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

## CAUSE OF ACTION UNDER STATE LAW
### Article 1802 of the Civil Code of Puerto Rico

32. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in all paragraphs above with the same force and effect as if herein set forth.

33. Article 1802 provides one of the most fundamental principles of Puerto Rico jurisprudence:

> — that of the Aquilian liability for personal acts — [that] all damage, whether material or moral, gives rise to reparation if three requirements are met: first, proof of the reality of the damage suffered; second, a causal relation between the damage and the action or omission of another person; and third, said act or omission is negligent or wrongful.

Sociedad de Gananciales v. El Vocero de Puerto Rico, Inc., 135 D.P.R. 122, 134 (1994), P.R. Offic. Trans. No. 91-414, slip op. at 10 (citations omitted).  The concept of fault in article 1802 "is infinitely embracing, as ample and embracing as human conduct is[,]" Santiago v. Group Brasil, Inc., 830 F.2d 413, 415 (1st Cir.1987); see also Santini Rivera v. Serv. Air, Inc., 137 D.P.R. 1, 8 (1994), and it includes "every kind of human trespass in the legal as well as the moral order." Sociedad de Gananciales v. El Vocero de Puerto Rico, Inc., 135 D.P.R. at 134. "This principle generally rules redress for a wrongful act,

even when the wrongful act clashes against the interest or rights guaranteed by the Constitution or by civil rights legislation." Bonilla v. Chardón, 118 D.P.R. 599, 601 (1987), 18 P.R. Offic. Trans. 696, 709-10 (citations omitted).

34. On or around November 11, 2016, the Plaintiff, was in a motor vehicle at or near the Facility, within the Municipality Carolina, Puerto Rico.

35. At said time and place, Defendants were operating a business know as Super Farmacia Carolina.

36. At this time and place, it became and was the duty of the Defendants to exercise due care and caution in the operation of its business, having due regard for the public and users of the purportedly accessible parking spaces in front of its business.

37.  At this time and place, the Plaintiff, Medina, was attempting to use the purportedly accessible parking space in front of the business operated by the Defendants, as aforesaid.

38. At this time and place, the Defendants negligently or intentionally failed to provide an adequate accessible parking space in full compliance with its obligations under federal and state law, thereby interfering with Plaintiff's right to use an adequate accessible parking space.

39. At this time and place, the Defendants negligently or intentionally failed to provide an adequate accessible sales counter in full compliance with its obligations under federal and state law, thereby interfering with Plaintiff's right to use an adequate accessible parking space.

40. The Defendants, was then and there guilty of one or more of the following negligent acts or omissions:

    a. Negligently and carelessly configured its parking space and sales counter without regard to individuals with disabilities like plaintiff.

    b. Negligently and carelessly operated or its parking space and sales counter without regard to individuals with disabilities like plaintiff.

    c. Negligently and carelessly allowed motor vehicles to obstruct the area where the access aisle next to the parking space should be located, without regard to individuals with disabilities like plaintiff.

    d. Failed to do a professional assessment to provide accessible parking and sales counter, although it had ample time and opportunity to avoid this result;

    e. Negligently operated its business and parking space in violations of local or state regulations.

    f. Negligently failed to seek assistance of local or state agencies in order to prevent a configuration of the parking space that would interfere with Plaintiff's rights under state and federal law.

    g. Negligently operated and configured its business so that it excluded access to the Facility.

41. As a direct and proximate result of one or more of these aforesaid negligent acts or omissions, the Defendant failed to provide an accessible parking space and/or sales counters in compliance with state and federal law and thus, deprived, interfered, or limited Plaintiff liberty of movement at the facility, causing the Plaintiff a loss of

enjoyment of a normal personal life. People with disabilities are known to experience a loss of dignity, independence, personhood and pride associated with segregation and lack of access to public accommodations. See Kevin I. Coco, Beyond the Price Tag: An Economic Analysis of Title III of the Americans with Disabilities Act, 20 Kan. J. L. & Pub. Pol'y 58, 76, 85 (Fall 2010). Access barriers and segregation in the retail context create social stigma and undermine feelings of self-worth and independence of persons with disabilities. See Stacey Menzel Baker, Jonna Holland and Carol Kaufman- Scarborough, How Consumers with Disabilities Perceive "Welcome" in Retail Servicescapes: A Critical Incident Study, 23 J. of Serv. Marketing 160, 167-168 (2007). They also cause people with disabilities to have a negative overall reaction to the whole retail environment, and to experience fear and discomfort in that environment. See Carol Kaufman-Scarborough, Reasonable Access for Mobility-Disabled Persons is More Than Widening the Door, 75 J. of Retailing 479, 483, 494 (1999). Studies confirm that the greater the perceptions of one's disabilities as a preventive factor in participation in the marketplace, the less satisfied one is with life. See Carol Kaufman-Scarborough and Stacey Menzel Baker, Do People with Disabilities Believe the ADA Has Served Their Consumer Interests?, 39 J. of Consumer Aff. 1, 24 (Summer 2005).

42. The Plaintiff request a trial by jury on all issues triable by jury.
43. The Plaintiff invokes the authority of the court to hear a Plaintiff's state law-claims related to the parking and sales counter of the Facility. The Court has jurisdiction over

nonfederal claims between parties litigating other matters properly before the court. 28 U.S.C § 1367.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs or limited mobility;

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs or individuals with limited mobility, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. Payment of costs of suit;

D. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

E.  Damages under Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5141, for loss of enjoyment of a normal personal life in excess of **one hundred twenty-one thousand ten dollars ($121,010).**

**RESPECTFULLY SUBMITTED**,

**/S/JOSE CARLOS VELEZ-COLÓN, ESQ.**
**USDC-PR NO.: 231014**
jcvelezcolon@gmail.com

PO BOX 2013
BAYAMON PR 00960

TEL: (787) 599-9003

*Attorney for Plaintiff*